IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL E. VOGT,

                                                                                                OPINION and ORDER

                        Plaintiff,

                                                                                                    09-cv-657-bbc

      v.

MICHAEL ASTRUE,
Commissioner of Social Security,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On April 29, 2009, an administrative law judge issued a decision denying plaintiff Michael Vogt's applications for Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act, codified at 42 U.S.C. §§ 416(I), 423(d) and 1382(c)(3)(A).  Plaintiff now seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g).  Plaintiff's sole contention in this appeal is that the administrative law judge erred in failing to order a consultative evaluation of plaintiff's back impairment before denying plaintiff's applications.  Because I am satisfied that the record contained sufficient evidence upon which the administrative law judge could determine

1

whether plaintiff was disabled, I am rejecting plaintiff's argument and affirming the decision.

The following facts are drawn from the administrative record (AR).

FACTS

A. Background and Medical Evidence

Plaintiff was born on January 18, 1956. He has a high school education and past work experience as a tree trimmer. AR 17.

In October 2004, plaintiff saw Dr. William L. Rutherford for pain in the left buttock shooting down his left leg. AR 346. In November 2004, Rutherford referred him to physical therapy. AR 345.

On February 15, 2005, plaintiff injured his back at work and saw Dr. Rutherford. He had severe back pain going down his right leg. AR 344. Two days later, his pain was much better but he still had pain going down his right leg. AR 343. A February 25, 2005 magnetic resonance imaging scan of plaintiff's lumbar spine showed disc degeneration, spinal stenosis and an L5-S1 disk herniation to the right that flattened and displaced the right S1 nerve rootlet. AR 289, 341.

On March 16, 2005, plaintiff saw Dr. Stefan Konasiewicz, a neurosurgeon, who recommended epidural steroid injections. AR 365-66. Plaintiff had these injections in March, May and June 2005. AR 292-94. Because of plaintiff's continued back and right

2

leg symptoms, Konasiewicz performed a lumbar laminectomy and nerve root foraminotomy on July 14, 2005. AR 299, 322. On August 24, 2005, plaintiff reported to Konasiewicz that his symptoms were diminishing. AR 298.

Plaintiff's last visit with Dr. Konasiewicz was on October 19, 2005. Plaintiff complained of some right anterior thigh and lateral thigh numbness in an area not related to the surgery. Konasiewicz found that plaintiff appeared to have healed sufficiently from his lumbar surgery because he did not have significant pain in his back and no pain in his legs. AR 371.

Plaintiff did not receive any further treatment for his back apart from obtaining a prescription for 800 milligram Ibuprofen from Dr. Rutherford on May 30, 2006. However, he had four independent medical evaluations during the pendency of his worker's compensation claim in late 2006 and early 2007. On October 25, 2006, plaintiff saw Dr. Person. Plaintiff reported that his back surgery had been helpful but his back pain had returned with radiation of pain in his left leg. AR 417. On examination, Person noted that plaintiff had reduced range of motion and decreased sensation in the left leg. AR 418. Person concluded that plaintiff's February 25, 2005 injury caused a herniated intervertebral disc at L5-S-1, which had been corrected by the July 2005 surgery. He did not indicate that plaintiff had any activity restrictions or that he was precluded from working. AR 419.

3

On February 1, 2007, Dr. Cederburg, an orthopedic surgeon, performed an independent evaluation of plaintiff. Plaintiff complained of soreness in the low back and some pain in the left leg. AR 480. On examination, Cederburg noted that plaintiff's reflexes were normal and he had negative straight leg raising to 85 degrees bilaterally. AR 480. He concluded that there was no firm correlation between plaintiff's subjective complaints and his physical exam or findings on diagnostic studies. AR 481. It was his opinion that plaintiff had reached maximum medical improvement in his low back on July 14, 2006, one year following his surgery. AR 482. He concluded that plaintiff could lift up to 35 pounds, sit or stand as tolerated and should avoid repetitive bending and twisting of his low back. AR 483.

On February 2, 2007, plaintiff underwent an independent medical evaluation by Dr. John Dowdle, an orthopedic surgeon. Plaintiff reported pain in his lower back and left leg, but no problems with his right leg. AR 462. Examining plaintiff, Dowdle noted that his right rotation was full with no complaints of pain and his left rotation was limited with 25% loss with complaints of pain. Plaintiff's reflexes were normal. AR 467. Dowdle concluded that plaintiff had some work restrictions because of his degenerative disc disease and recommended that plaintiff lift no more than 20 pounds and avoid repetitive bending and prolonged single position activities. He indicated that plaintiff could work on a full-time basis and was in no further need of treatment.

4

On February 23, 2007, Dr. Richard Strand, an orthopedic surgeon, performed an independent medical evaluation of plaintiff. Plaintiff did not complain of any low back pain or leg pain. He described some achiness in his back but no tingling, numbness or weakness in his legs. AR 498. On examination, plaintiff had some decreased range of motion in leaning to the left and slightly decreased flexion but had fairly good extension and leaning to the right. Plaintiff's straight leg raising was negative in the sitting and supine positions. AR 499. Plaintiff got on and off the examination table without difficulty. AR 500. Strand did not recommend any treatment for plaintiff's low back pain. AR 502. He concluded that plaintiff would have been able to return to light duty in a relatively short period of time after his back surgery. AR 503.

B. Administrative Proceedings

Plaintiff filed an application for disability insurance benefits and supplemental security income on September 19, 2006, alleging that he had been unable to work since February 11, 2005, because of a back disorder and an affective mood disorder. AR 118-26. After the local disability agency denied plaintiff's application initially and upon reconsideration, plaintiff requested a hearing, which was scheduled for April 1, 2009 before Administrative Law Judge Arthur J. Schneider. Before the hearing, plaintiff's lawyer asked the agency to order a physical consultative evaluation of plaintiff before making any

5

administrative decision on his application. Plaintiff pointed out that he had not received any medical care for his back for more than three years because of a lack of medical insurance. Plaintiff asked that an evaluation be ordered to assess his physical limitations, pointing out that if he was found to be limited to sedentary work, he would be entitled to disability benefits under the Medical-Vocational Guidelines as of January 18, 2006, the date on which he turned 50 years old. See 20 C.F.R., Subpt. P, App. 2, Rule 201.09. The agency did not respond to plaintiff's request.

Plaintiff reiterated the request at the April 1, 2009 hearing. The administrative law judge denied it, noting that plaintiff had received a worker's compensation settlement from which funds were available to pay for medical care and that plaintiff had essentially stipulated that he was capable of performing at least sedentary work before his 50th birthday. AR 52-53. When plaintiff's attorney pointed out that the worker's compensation settlement was small and did not include ongoing medical care, the administrative law judge stated that an additional consultative exam was not necessary and that he would make a decision on the record before him. AR 53.

Plaintiff testified that he had a high school education and a two-year degree in forestry. He testified that he had worked for Wright Tree Service in Des Moines, Iowa, until he injured his back on February 11, 2005. He received a small worker's compensation settlement for this injury in April 2008. AR 24.

6

Plaintiff testified that he had surgery on his back in July 2005. AR 26. In contrast to what he told the various medical examiners in 2006 and 2007, plaintiff testified that after his surgery his back was fine until 2007 when his right leg started to get numb again. AR 27. Plaintiff said that because of his right leg symptoms, he had to get up and stretch after sitting for "a couple hours" but that he did not have problems walking or standing. Plaintiff testified that he was able to sweep and mop without trouble and he could lift his grandson, who weighed about 23 pounds. AR 28-30.

Plaintiff testified that he had seen three or four different doctors for his worker's compensation claim but had not seen any doctor regularly for his back or depression since 2005 because he had no insurance. AR 32, 35.

### C. Administrative Law Judge's Decision

In reaching his conclusion that plaintiff was not disabled, the administrative law judge performed the required five-step sequential analysis. See 20 C.F.R. §§ 404.1520. At step one, the administrative law judge found that plaintiff had not engaged in substantial gainful activity since February 11, 2005, his alleged onset date. At step two, he found that plaintiff had the severe impairments of back disorder and affective mood disorder. AR 12. At step three, the administrative law judge found that plaintiff did not have an impairment or

7

combination of impairments that met or medically equaled any impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1.

The administrative law judge found that plaintiff retained the physical residual functional capacity to meet the exertional demands of light work with no more than frequent balancing and occasional climbing of ramps, stairs, ladders or scaffolds, stooping, kneeling, crouching and crawling and the mental residual functional capacity to perform simple, routine and repetitive work. AR 14. (Light work is defined as work that requires the ability to lift 20 pounds occasionally and 10 pounds frequently, and which requires either a good deal of walking or standing or sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b).) In reaching this conclusion, the administrative law judge stated that he was giving significant weight to the opinions of plaintiff's treating physicians and those of Drs. Person, Cederberg, Dowdle and Strand, the independent medical examiners, because they were internally consistent and consistent among providers. AR 17.

At step four, the administrative law judge found that plaintiff was not able to perform his past work. AR 17. At step five, the administrative law judge relied on the testimony of a vocational expert to find that plaintiff was not disabled because a significant number of jobs existed in Wisconsin that plaintiff could perform, including cashier, small product assembly and general office clerk. AR 18.

OPINION

Plaintiff contends that the administrative law judge erred when he failed to order a consultative physical examination. Under the relevant social security regulation, an administrative law judge may order a consultative examination "when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [the] claim." 20 C.F.R. § 404.1519a(b). The regulation goes on to state that ordinarily, a consultative examination will be required when additional evidence is needed that is not contained in the claimant's medical records or when "there is an indication of a change in [the claimant's] condition that is likely to affect [his or her] ability to work, but the current severity of [the] impairment is not established." Id. When faced with a claim that the administrative law judge should have done more to develop the record, the court "generally respect[s] the Secretary's reasoned judgment" about how much evidence is needed to make a finding about disability. Luna v. Shalala, 22 F.3d 687, 692 (7th Cir. 1994).

Plaintiff asserts that a consultative examination should have been ordered because there was a change in his condition, namely, a return of his radicular symptoms in late 2006. (Although plaintiff does not specify the nature of these symptoms, it appears that he is referring to the complaints of low back and left leg pain that he made to some of the medical consultants who examined him in connection with his worker's compensation claim in late 2006 and 2007, as opposed to his complaints of *right* leg numbness that he raised at the

9

hearing.) According to plaintiff, it is "possible" that his condition had worsened to the point he was capable of performing only sedentary work, which would mean that he would be found disabled under the Medical-Vocational Guidelines as of January 18, 2006, the date he turned 50. Plaintiff asserts that because of the lack of medical evidence from any treating doctor during that time period and his inability to pay for such treatment, a consultative evaluation was required.

Plaintiff's argument is not persuasive. The record contained records from four independent examinations of plaintiff that were performed between October 25, 2006 and February 23, 2007. Plaintiff acknowledges that these examinations were performed after he turned 50 and that he told at least some of these doctors that he was experiencing back pain and left leg pain. Each of these doctors concluded that plaintiff could meet the demands of work at the light exertional level. Plaintiff fails to specify how a consultative evaluation ordered by the social security administration would have differed from these evaluations or what additional evidence would have been discovered.

In response to the commissioner's contention that these reports provided adequate medical support on which the administrative law judge could rest his decision, plaintiff offers only two conclusory assertions: 1) the reports "are not really worthy of credibility" because they were performed by insurance companies; and 2) even the latest report was stale because it was conducted approximately two years before the administrative hearing. Because

plaintiff has not developed these arguments in any meaningful way, they need not be considered. Mahaffey v. Ramos, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."). I note, however, that plaintiff's own testimony fails to support his suggestion that his symptoms have worsened to the point that he is limited to sedentary work. Plaintiff stated at the hearing that he can lift his 23-pound grandson and walk and stand without difficulty and did not offer any testimony that would support a limitation to sedentary work. From this testimony and the medical reports in the file, the administrative law judge had sufficient evidence from which to conclude that plaintiff remains capable of performing light work and therefore was not disabled under the Medical-Vocational Guidelines even after his 50th birthday.

ORDER

IT IS ORDERED that the decision of defendant Michael J. Astrue, Commissioner of Social Security is AFFIRMED and plaintiff Michael Vogt's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 27th day of April, 2010.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge